*Court of Common Pleas, Dauphin County, December 20th,* 1866.

THE COMMONWEALTH OF PENNSYLVANIA *v.* THE LEHIGH
CRANE IRON COMPANY.

Bringing suit is sufficient notice to a party of the settlement of a claim for taxes
against him by the commonwealth. He must appeal within sixty days
after the commencement of the action. A corporation is bound to pay a
tax on stock dividends the same as on those made in cash.

BY THE COURT.—This suit was brought to recover a balance
found due to the commonwealth by the defendant on account of
a tax due upon its dividends, as settled by the auditor-general
and State treasurer on the 20th of July, 1865. No appeal was
taken from that settlement, and suit was brought for the recovery
of the money on the 31st of January, 1866; and on the same
day a narr and copy of the claim filed.

Two questions arise on the evidence in this case :

*First.* Had the defendant notice of the settlement according
to law, so as to require it to take an appeal within sixty days ?

*Second.* If it had appealed, could it have avoided paying the
tax imposed ?

The clerk in the auditor-general's office testifies that on the
21st of July, 1865, the day after the settlement, he made out a
copy of the account as settled, and directed the same to the presi-
dent of the company at Philadelphia, and placed it in their letter
box in the office for transmission by mail, to be taken to the post-
office by their messenger. If sent, it would be a compliance
with the ninth section of the act of 1811, relative to public
accounts, whether received or not. In the present case we have
no proof that it ever reached the post-office, as the messenger is
not called. The president, secretary, and treasurer of the com-
pany all testify that it never was received. Notice was sent from
the attorney-general's office that the claim was in the hands of
that officer for collection, and the amount claimed was stated, but
no copy of the account. This it is admitted was received, but is
not, in our opinion, the notice contemplated by the act of
Assembly. Is bringing suit such notice? As we have always
understood the law we should answer in the negative, if we dared
depend upon our own judgment; but we are precluded from so
doing by the decisions of the Supreme Court, which are binding
on us, and must be taken to be the law of the land. It has been
three several times decided by that tribunal that bringing suit is
sufficient notice under the statute, and if an appeal be not taken
within sixty days after action commenced the settlement is conclu-
sive. In Hays *v.* The Commonwealth (3 Casey, 272), Chief Jus-
tice Lewis says: "If the auditor-general neglects to give notice of
the settlement, and brings an action to recover the amount without

[The Commonwealth of Pennsylvania v. The Lehigh Crane Iron Company.]

such notice, the notice may be treated as given when the writ is served; and if an appeal be filed within sixty days thereafter, the action must be stayed until the appeal is tried before the proper tribunal." This principle is reiterated in Hultz v. The Commonwealth (3 Grant's Cases, 61), and is more fully and carefully examined by Chief Justice Woodward, in Philadelphia v. The Commonwealth, not yet reported, who relies on the two former decisions. In none of these cases did the point necessarily arise. Certainly not in the last-named case. Suit was brought to recover a balance of State taxes due the commonwealth by the city; the settlement was offered in evidence, but was objected to because no notice had been given *prior* to settling the account. We held it to be unnecessary. It was next said that proof was not made that a copy was remitted to the city officers. We instructed the jury that the law presumed that the auditor-general had performed his duty until it was shown that no copy was received, which would then throw on the department the duty of proving that it was *mailed*; and when this was established the settlement would be conclusive, especially as no error was pointed out, or any payment pretended for which the city had not received credit. Thus it is shown that the point ruled by the Supreme Court did not arise in the case, as we have always considered the notice spoken of in the eleventh section of the act of 1811, is the one pointed out by the ninth section, to wit: sending a copy of the account by mail from the auditor-general's office. The appeal, if taken after suit brought, could not be set up on the trial of that cause. When the case comes into court on appeal it is not to be tried on original principles, but merely on the points made before the department and stated in the appeal. As a general rule, the party plaintiff cannot be placed in a better situation, or acquire a new and undisputed right of action by anything occurring after suit brought; and if the defendant is not barred of his defence then, can he be by anything occurring afterwards? These are, however, mere idle speculations of our own. We instruct you, under the decisions of the Supreme Court referred to, that the settlement is conclusive, and your verdict must be in favor of the commonwealth for fifty-five thousand dollars, with interest from the 20th day of October, 1865.

2. This company has lost nothing by omitting to appeal. It was originally incorporated with a comparatively small capital, was prosperous in business, and might have made large dividends among its stockholders, but the managers, after paying six per cent. to the stockholders, invested the surplus in new improvements and the purchase of additional works, and so continued from year to year until the amount of property held by the corporation became very large. This property was of course subject to State taxes, but not being divided, escaped the tax on divi-

[The Commonwealth of Pennsylvania *v.* The Girard Bank.]

dends. After pursuing the course indicated, and increasing the capital stock at different times until it amounted to ————— ———————— dollars, the corporation made a dividend, in the form of stock, amounting to a sum the tax on which, computed as a dividend in money, was forty-five thousand dollars, and now contends that this is not such a dividend as is subject to taxation. We are unable, on principle, to see any difference between a *stock* and *cash* dividend; and we have direct authority in the decision of our Supreme Court, declaring that there is none. In The Commonwealth *v.* The Cleveland, &c. Company, the Supreme Court says: "In assessing the tax, no difference can be made between the dividends actually paid to the stockholders and stock dividends, which are profits added to the stock of each corporator." To have decided otherwise would be to allow all corporations, whose stockholders could afford to let their capital accumulate, to escape the burden of taxation; and yet the stock, when thus divided, could be sold in the community, and transferred from hand to hand as money.

AFFIRMED BY THE SUPREME COURT (5 P. F. Smith, 448).

*Brewster, for plaintiff.*

*Kunkel and Simonton, for defendant.*